■ In the Matter of NEW YORK AUTOMOBILE INSURANCE PLAN, Appellant, v EDWARD J. MUHL, as Superintendent of Insurance

of the State of New York, Respondent, and NEW YORK STATE PREMIUM FINANCE ASSOCIATION et al., Intervenors-Respondents. [660 NYS2d 111] —Judgment, Supreme Court, New York County (Louise Gruner Gans, J.), entered January 14, 1997, which denied petitioner New York Automobile Insurance Plan's application pursuant to CPLR article 78 challenging respondent Superintendent of Insurance's directive amending section 14.E.2 (i) of the New York Automobile Insurance Plan (Plan), unanimously affirmed, without costs.

Respondent's directive that section 14.E.2 (i) of the Plan, which permits an insurer member to deduct from a current deposit received with an application for insurance any balance owed to that insurer by the applicant on a prior policy, be amended to provide that an insurer could not offset against an unearned premium balance on a cancelled policy when the insurance premium was advanced under a finance agreement, is rationally based on Insurance Law § 3428 (d) and Banking Law § 576 (1) (f), which mandate return of unearned premiums to the bank or premium finance company upon cancellation of a financed insurance contract. Although these statutes were in existence at the time respondent approved the initial adoption of section 14.E.2 (i), it was not until almost four years later that the rule's susceptibility to an interpretation inconsistent with the clear mandate of the statutes was brought to respondent's attention, making it incumbent upon respondent to clarify the rule to ensure compliance therewith. Petitioner's claim that the directive unconstitutionally impairs obligations under existing contracts between its participating insureds and insurers is improperly raised for the first time on appeal, and in any event without merit (*see, Kinney v Connecticut Judicial Dept.*, 974 F2d 313, 314). The directive, which merely clarifies what had before been an unaddressed problem under preexisting statutes, does not impair extant insurance contracts that have always been subject to those statutes. We have considered petitioner's remaining contentions and find them to be without merit. Concur—Murphy, P. J., Wallach, Rubin, Tom and Andrias, JJ.