*300 OPINION OF THE COURT
Francois A. Rivera, J.
Defendant, Travelers Indemnity Company, moves to dismiss plaintiffs complaint pursuant to CPLR 3211 (a) and on other grounds. Plaintiff, The Premins Company, Inc., cross-moves for summary judgment pursuant to CPLR 3212. The underlying facts are undisputed.
Plaintiff is an insurance premium finance agency licensed by the Banking Superintendent of the State of New York. Defendant is an insurance company authorized to conduct business in the State of New York. The New York Automobile Insurance Plan (hereinafter NYAIP) is an unincorporated entity established with the approval of the Superintendent of Insurance pursuant to article 53 of the Insurance Law. Its primary purpose is the equitable apportionment among insurers of applicants for such insurance who are, in good faith, entitled to, but are unable to, procure insurance in the voluntary market. All insurers writing automobile insurance in New York State must participate in the NYAIP by providing such insurance. Luis Lopez is an individual who was provided automobile insurance coverage by the defendant and whose insurance premium for said coverage was financed by the plaintiff. In 2000, the NYAIP assigned Luis Lopez to Travelers. Travelers underwrote an automobile liability insurance policy for Luis Lopez with a projected annual premium of $5,160 and with coverage commencing on June 7, 2000. Travelers received only $498 of the annual premium and cancelled coverage as of July 24, 2000. Travelers computed its earned premium to be $666, leaving a balance due of $168. Travelers added a mandatory Department of Motor Vehicles fee of $1 for a total deficit of $169.
In 2001, NYAIP again assigned Luis Lopez to Travelers. Travelers underwrote an automobile liability insurance policy with a projected annual premium of $5,220 and with coverage commencing on August 8, 2001. For this insurance policy, Luis Lopez used his brokerage account with Grullon Pena Brokerage to pay a deposit of $355 directly to Travelers. Pursuant to the terms of their finance agreement with Lopez, Premins paid $2,014 toward Lopez’ premium to Travelers. By letter dated August 16, 2001, Travelers notified Lopez that he had an outstanding balance on his previous policy and that they would apply $169 of his $355 deposit toward that balance and apply the remaining $186 of his deposit to the current policy.
Luis Lopez entered into a premium finance agreement with Premins to pay the total premium of $2,369. The finance agree *301 ment included a finance charge of $221.51 and a payment schedule of nine monthly installments of $248.39 beginning September of 2001. Lopez immediately defaulted on his installment payments.
Pursuant to the terms of the premium finance agreement, Premins obtained an assignment of all unearned premiums of Luis Lopez’ policy and maintained a security interest in those premiums. Premins notified Travelers of the default and requested cancellation of the policy and return of the unearned premium. After receiving Premin’s notice of cancellation, Travelers cancelled Lopez’ policy effective October 18, 2001. Travelers calculated the unearned premium on the policy to be $4,208 and the earned premium to be $1,012. When Travelers returned the unearned premium to Premins, it did not include the $169 that it had received directly from Luis Lopez’ $355 deposit. Travelers applied this amount to Lopez’ balance owed on his insurance policy issued in the year 2000.
On April 16, 2002, plaintiff filed a summons and verified complaint stating two causes of action. The first cause of action sought return of the $169. The second cause of action sought a declaratory judgment declaring its right to the return of gross unearned premiums, without offset, upon all cancelled financed insurance with the defendant. On July 2, 2002, defendant filed its answer and seven affirmative defenses. The parties conducted pretrial discovery and on October 15, 2003 filed a note of issue.
The salient issue of law presented is whether .defendant’s practice of deducting from its insured’s down payment on a current policy, a past due balance on a previously issued policy, is proper when the current premium is advanced under a premium finance agreement. Plaintiff contends that this practice, as was done with Luis Lopez, violates NYAIP § 14 (E) (2) (i), Insurance Law § 3428 (d), Banking Law § 576 (1) (f) and decisional case law. Defendant contends it does not.
Insurance Law § 5301 provides in pertinent part:
“Participation in assigned risk plans.
“(a) All insurers licensed to write motor vehicle insurance in this state shall subscribe to and participate in the reasonable plan or plans, approved, or which may be approved, by the superintendent after consultation with such insurers, for equitable apportionment among such insurers of applicants for such insurance who are in good faith entitled to but are unable to procure it through ordinary methods.”
*302 Insurance Law former § 3428 (d) provided:
“Whenever an insurance contract the premiums for which are advanced under a premium finance agreement, as defined in section five hundred fifty-four of the banking law, is cancelled the insurer or insurers within a reasonable time not to exceed sixty days after the effective date of the cancellation shall return whatever gross unearned premiums are due under the insurance contract or contracts on a pro rata basis to the bank, lending institution, premium finance agency or sales finance company, for the benefit of the insured. Upon such cancellation the insurer or insurers shall be entitled to retain a minimum earned premium on the policy of ten percent of the gross premium or sixty dollars, whichever is greater.”
Banking Law § 576 (1) (f) applies to premium finance agencies and contains the identical requirement as Insurance Law § 3428 (d) requiring the return of gross premiums on a pro rata basis for cancelled insurance policies.
NYAIP § 14 (E) (2) (i) currently provides as follows:
“Except when the premium for a current policy has been financed pursuant to Article 12-B of the Banking Law and provided that the current and previous policies issued by the assigned insurer contain such a provision, the insurer may deduct from the deposit received with an application for insurance any unpaid balance of earned premium owed by the applicant to the insurer which became due during the 12 months immediately preceding the earlier of the date of application or effective date of the current policy and apply such amount deducted to the unpaid balance. The insurer shall thereafter bill the applicant for the balance of deposit or installment required. If such balance is not paid within the time permitted by Plan rules, the insurer shall be entitled to cancel such insurance pursuant to Section 18.2 of Plan rules.”
On August 2, 1996, the Superintendent of Insurance issued a directive which sought to amend NYAIP § 14 (E) (2) (i) by adding the provision which excludes the statute’s offsetting provisions when the insurance premium is financed by insurance premium finance companies. The language to be added was: “Except when the premium for a current policy has been financed pursuant to Article 12-B of the Banking Law and.”
*303 The NYAIP brought a CPLR article 78 proceeding in New York County Supreme Court under index No. 604183/96 against the Superintendent of Insurance contesting the proposed amendment. On November 27, 1996, Supreme Court Justice Louise Gruner Gans issued a decision and order. The court found that the proposed amendment was rationally based on Insurance Law § 3428 (d) and Banking Law § 576 (1) (f) and specifically prohibited setoffs where the current insurance premium is financed. The court found that the Superintendent of Insurance rationally determined to protect the essence and integrity of the premium finance agreement, a secured transaction, by protecting the collateral that the premium finance company maintains in the unearned premiums.
NYAIP appealed the decision and order to the Appellate Division, Second Department. In Matter of New York Auto. Ins. Plan v Muhl (240 AD2d 303 [1st Dept 1997]), the Appellate Division affirmed the order and sustained the determination by the Superintendent of Insurance to mandate the change in NYAIP § 14 (E) (2) (i).
Defendant contends that NYAIP § 14 (E) (2) (i) only precludes setoff against the secured and financed portion of a premium. Defendant relies on the fact that the cash down payment was provided by Luis Lopez and not the plaintiff. Defendant also relies on the fact that the premium finance agreement itself includes a cash deposit and a financed portion which computes and applies an interest charge only on the financed part and not on the cash deposit. Defendant also cites, in support, several Bankruptcy Court decisions which have found that the cash deposit portion of a financed premium is not secured when setting the priorities of creditors claims in bankruptcy. (See In re RBS Indus., Inc., 67 BR 946 [D Conn 1986]; see also In re Auto-Train Corp., 9 BR 159 [D DC 1981].) Based on the foregoing, defendant opines that the down payment is neither secured nor financed and thus not within the set-off proscription of NYAIP § 14 (E) (2) (i).
Defendant’s reasoning is flawed and erroneous. The plain language of the amendment to NYAIP § 14 (E) (2) (i) prohibits the practice of setoff when the premium for a current policy has been financed pursuant to article 12-B of the Banking Law. Article 12-B of the Banking Law concerns insurance premium finance agencies.
Banking Law § 554 (7) defines premium finance agency as:
“(a) a person engaged, in whole or in part, in the *304 business of entering into premium finance agreements with insureds, including a bank if so engaged; or
“(b) a person engaged, in whole or in part, in the business of acquiring premium finance agreements from insurance agents or brokers or other premium finance agencies, including a bank if so engaged and an insurance agent or broker who is licensed as a premium finance agency and who holds premium finance agreements made and delivered by insureds to him or his order.”
The proscription applies if the premium is financed with a premium finance agency. The section neither limits application of the proscription to the components of the financed premium nor draws any distinction between a down payment and the financed portion of the premium. Upon receipt of a notice of cancellation of a policy that has been financed through a premium finance agency, the insurer must, in accordance with Insurance Law § 3428 (d) and Banking Law § 576 (1) (f), return whatever gross unearned premiums are due under the insurance contract on a pro rata basis to the premium finance agency for the benefit of the insured. The insurer may only retain a minimum earned premium on the policy of 10% of the gross premium or $60, whichever is greater.
Therefore, the insurer must first calculate the amount of the insurance premium which is unearned against the gross premium it received. Once the gross unearned premium is calculated, then the insurer may deduct the greater of $60 or 10% of the gross unearned premium and return the balance to the premium finance agency.
The parties stipulated that an NYAIP section sets forth the methodology used to calculate the gross earned and unearned premiums for an assigned insured. It is undisputed that Travelers returned to Premins $1,186 which it computed to be the unearned premium. Also undisputed is the fact that Travelers applied a setoff of $169 to pay a past debt on a current policy of insurance that was financed by a premium finance agreement. Thus, without deciding whether the computation of the gross unearned premiums owed to the plaintiff was properly computed, the court concludes that the amount returned was, nevertheless, improperly reduced by $169.
Defendant’s motion to dismiss plaintiffs first cause of action is denied and plaintiffs cross- motion for summary judgment in *305 its favor on the first cause of action is granted. Defendant is directed to return to the plaintiff the $169 improperly deducted from the gross unearned premiums.
Defendant also seeks dismissal of plaintiffs second cause of action for failure to comply with the requirements for a class action under CPLR article 9 and pursuant to CPLR 3211 (a). Defendant contends that plaintiff pleaded a class action without moving for class certification. Plaintiff submits that the action is for a declaratory judgment pursuant to CPLR 3001. Plaintiffs contention is supported by the pleadings. Plaintiff seeks a judgment declaring defendant’s practice of offsetting a past debt on a current premium financed by a premium finance agency to be improper. The defendant’s motion to dismiss the plaintiff’s second cause of action is denied and plaintiffs cross motion for a declaratory judgment is granted. Defendant is enjoined from offsetting a past due debt of its insured from a current premium financed by the plaintiff.